UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARSHA B. HAAG, TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 5:17-CV-1053 |
| SENECA INSURANCE COMPANY, INC. | § | |
| AND JAMES COOK, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SENECA INSURANCE COMPANY, INC.'S**
**NOTICE OF REMOVAL**

Defendant Seneca Insurance Company, Inc. ("Seneca") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

**I.**
**INTRODUCTION**

1. Plaintiff Marsha B. Haag, Trust ("Plaintiff") commenced this lawsuit on August 31, 2017, by filing Plaintiff's Original Petition ("Petition") in the 225th District Court of Bexar County, Texas.

2. Plaintiff's Petition names Seneca and James Cook ("Cook") as Defendants. Cook was an adjuster assigned to Plaintiff's insurance claim which made the basis of this lawsuit.

3. Plaintiff's Petition includes the following causes of action against both Seneca and Cook:

- Unfair Settlement Practices Violations of Chapter 541 under the Texas Insurance Code;
- Prompt Payment of Claim Violations of Chapter 542 of the Texas Insurance Code;
- Breach of the common law duty of good faith and fair dealing
- Deceptive Trade Practices under the DTPA; and

- Common law fraud.[1]

4. Seneca was served with Plaintiff's Petition on September 18, 2017. Service has been attempted on Cook, but he is currently unserved as of October 10, 2017.

5. Seneca files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

6. Cook need not consent to removal as Seneca contends that Cook was improperly joined.[2] However, to the extent necessary, Cook consents to this Notice of Removal as the undersigned attorneys represent both Seneca and Cook.

## II.
## BASIS FOR REMOVAL

7. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.**  **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Seneca**.

9. Plaintiff's Petition states that Plaintiff is "an entity authorized to do business in Texas."[3] On information and belief, the sole trustee and manager of the Marsha B. Haag Trust is a citizen of Texas. Thus, Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

---

[1] *See* Plaintiff's Original Petition at pp. 7-11.

[2] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[3] *See* Plaintiff's Original Petition at p.1.

10. Seneca is a New York corporation with its principal place of business in New York. Thus, Seneca is a citizen of New York for purpose of diversity of citizenship.

11. Cook is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Cook in this lawsuit. Cook's citizenship should, therefore, be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Seneca (now and on the date Plaintiff filed this lawsuit).

*(i)   Plaintiff improperly joined Cook to defeat this Court's jurisdiction.*

12. A defendant such as Cook is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[4] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[5] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[6]

13. Per the Fifth Circuit, the improper joinder analysis requires an examination of Plaintiff's Petition under the Federal pleading standard.[7] This requires Plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."[8] Stated differently, Plaintiff's Petition

---

[4] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[5] *See id.*

[6] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[7] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis.");

[8] *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]

14. As set forth below, Plaintiff's Petition fails to demonstrate a reasonable possibility of recovery against Cook in this lawsuit. Each cause of action asserted against Cook only details a speculative and hypothetical right to recovery.

*(ii)* *Plaintiff has no reasonable possibility of recovery against Cook for violations of Chapter 541 of the Texas Insurance Code.*

15. Plaintiff's Petition alleges that Cook committed the following violations of Section 541.060(a) of the Texas Insurance Code:

- Section 541.060(a)(1) – misrepresenting a material fact or policy provision related to coverage;

- Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) – failing to promptly provide a policyholder with a reasonable explanation of the basis for the insurer's denial of a claim;

- Section 541.060(a)(4) – failing to affirm or deny coverage in a reasonable time; and

- Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[10]

16. Texas law permits claims adjusters to be held liable for violations of Chapter 541 of the Texas Insurance Code, but a plaintiff must allege facts showing that the adjuster, as an individual, committed a violation under Chapter 541.[11] As articulated by the Fifth Circuit, this

---

[9] *Twombly*, 550 U.S. at 555.

[10] *See* Plaintiff's Original Petition at pp. 7-8.

[11] *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004).

**DEFENDANT SENECA INSURANCE COMPANY, INC.'S NOTICE OF REMOVAL**　　　　　　　　　　**Page 4**

burden is not met if the plaintiff only alleges injury from an insurer's failure to pay an insurance claim in full.[12] And as recognized by this District, the plaintiff must "distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[13] When a plaintiff alleges purely "boilerplate allegations," there is no cause of action against an adjuster under Chapter 541 of the Texas Insurance Code.[14]

17. Here, Plaintiff's Petition includes a group of alleged statutory violations under Chapter 541 of the Texas Insurance Code against Cook, but the Petition fails to explain how Cook's alleged conduct gave rise to an injury distinct from unpaid Seneca policy benefits. Instead, the crux of Plaintiff's factual allegations against Cook relates directly to unpaid policy benefits. Plaintiff's factual allegations against Cook merely mention an "unreasonable investigation" largely based on an allegation that Cook "under-scoped the damages" thus affecting Seneca's coverage determination.[15] Thus, Plaintiff does not have a reasonable possibility of recovery against Cook under Chapter 541 of the Texas Insurance Code.

> *(iii)* *Plaintiff has no reasonable possibility of recovery against Cook for violations of Chapter 542 of the Texas Insurance Code.*

18. Plaintiff has no reasonable possibility of recovery with respect to its claims against Cook under Chapter 542 of the Texas Insurance Code – *i.e.,* Texas' Prompt Payment of Claims

---

[12] *Griggs,* 181 F.3d at 702. (Holding that adjuster was improperly joined because the Texas Insurance Code requires "proof that defendant's conduct was the cause in fact of actual damages. [Insured] claims to have been injured by [insurer's] failure to pay his claim . . .[Insured's] Insurance Code and Deceptive Trade Practices Act claims fail because there is no conceivable basis in law or fact upon which [adjuster's] non-specific statements can be construed as actionable representations that caused the injury alleged by Griggs.").

[13] *See South Austin Pharm, LLC v. Pharmacists Mut. Ins. Co.,* 2015 U.S. Dist. LEXIS 65582 at *7-8 (W.D. Tex. May 19, 2015) (Lane, J.);

[14] *See id.* *at *7-8.

[15] *See, e.g.,* Plaintiff's Original Petition at p. 3.

Act. In fact, when specifically citing violations of Sections 542.055, 542.056, and 542.058, Plaintiff only addresses the "Defendants" alluding to separate allegations against Cook without noting his specific conduct and utilizing phrasing such as "Defendants failed to accept or deny Plaintiff's full and entire claim," and " Defendants have delayed payment of Plaintiff's claim longer than allowed."[16] To be held liable, the adjusting company must have committed some act that is prohibited by the Texas Insurance Code, not just be connected to an insurance company's denial of coverage.[17] Thus, Plaintiff failed to assert factual allegations against Cook sufficient to form an independent cause of action from those alleged against Seneca. As a result, Plaintiff's Petition fails to assert a viable cause of action against Cook under any section of Chapter 542 of the Texas Insurance Code.

>    **(iv)** ***Plaintiff has no reasonable possibility of recovery against Cook for breach of the duty of good faith and fair dealing.***

19.     Plaintiff's claims against Cook for breach of the duty of good faith and fair dealing also fail.  Plaintiff entered into an insurance contract with Seneca, not Cook. "Generally, if an agent is acting within the scope of his authority, he is not personally liable on contracts made on behalf of his principal."[18] And further, "a duty of good faith and fair dealing does not exist in the insurance context without a contract creating a special relationship between the parties."[19] As held by the Supreme Court of Texas, the general rule is that there is no viable claim for common

---

[16]   *See* Plaintiff's Original Petition at p.8.

[17]   *See McClelland v. Chubb Lloyd's Ins. Co.*, 2016 U.S. Dist. LEXIS 136087, at*5, 2016 WL 5791206 (W.D. Tex. Sep. 30, 2016) (citing *Messersmith v. Nationwide Mut. Fire Ins. Co*., 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

[18]   *French v. State Farm Ins. Co.*, 156  F.R.D 159, 162 (S.D. Tex. 1994).

[19]   *Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, 2015 WL 3971415, at *3 (W.D. Tex. June 30, 2015).

law bad faith in the absence of a breach of contract.[20]

20. Because no contract exists between Cook for breach of contract, Plaintiff also has no viable cause of action against Cook for breach of the duty of good faith and fair dealing. And again, Plaintiff's claims for breach of the duty of good faith and fair dealing do not delineate between the actions of Cook and Seneca. Neither Seneca nor Cook are ever referred to in their individual capacity. The purely conclusory causes of action do not demonstrate that Plaintiff has a reasonable possibility of recovery against Cook for common law bad faith.

### (v) *Plaintiff has not demonstrated a reasonable possibility of recovery against Cook for violations of the DTPA.*

21. Plaintiff's allegations against Cook under the DTPA leave Plaintiff with no reasonable possibility of recovery and consist of nothing more than labels, conclusions, and a formulaic recitation of statutory elements.[21] Moreover, Plaintiff's Petition regularly combines the actions of Cook and Seneca. In fact, these conclusory causes of action do not ever reference Cook or Seneca in their individual capacity. Again, the Petition specifically fails to delineate which of the "Defendants" purportedly committed the alleged DTPA wrongdoing. The language in the Petition amounts to nothing more than sweeping allegations as to all "Defendants" and fails to allege and distinguish specific conduct against Cook, the insurance adjuster, from the insurer, Seneca. As this District has held before, because Plaintiff fails to allege specific actionable conduct by the adjuster, distinguishable from the claims against the insurer, it fails to state a claim upon which relief can be granted.[22]

---

[20] *See Republic Ins. Co. v. Stroker,* 903 S.W.2d 338, 341 (Tex. 1995).

[21] *See* Plaintiff's Original Petition at pp. 9-10.

[22] *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, No. W-16-CA-00315-JCM, 2017 WL 1289036, at *5 (W.D. Tex. Apr. 6, 2017)

> ***(vi) Plaintiff has not demonstrated a reasonable possibility of recovery against Cook for common law fraud.***

22. Plaintiff's allegations against Cook for common law fraud leave Plaintiff with no reasonable possibility of recovery. In order to prevail on this cause of action, Plaintiff must plead and prove the following elements:

> (1) the Defendant made a representation to the Plaintiff;
>
> (2) the representation was material;
>
> (3) the representation was false;
>
> (4) when the Defendant made the representation, the Defendant knew it was false or made the representation recklessly;
>
> (5) the Defendant made the representation with the intent that the Plaintiff act on it;
>
> (6) the Plaintiff relied on the representation; and
>
> (7) the representation caused the Plaintiff injury.[23]

23. Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In alleging fraud ... a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.[24] The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions)

---

[23] In re International Profit Assocs., 274 S.W.3d 672, 678 (Tex. 2009); In re FirstMerit Bank, 52 S.W.3d 749, 758 (Tex. 2001).

[24] *Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 994 (S.D. Tex. 2011) (*citing Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent."[25]

24.   If a Plaintiff's complaint is void of the specific information required under Rule 9(b)'s heightened pleading standard, Plaintiff's claims of fraud should be dismissed for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).[26]

25.   The Petition states that "Seneca and Mr. Cook knowingly and intentionally misrepresented the covered damages under the policy. Defendant's representations that the covered damage and cost to repair it was $792.92 was false because Plaintiff's wind and hailstorm damages well exceed this amount covered under the Policy."[27] In fact, Defendants have located no case law where a court found fraud where the insurance ompany's damage estimate, which came in lower than the insured's claim damages, amounted to fraud. The mere fact that the Plaintiff disagrees with the damage findings of Seneca and Cook does not amount to fraud on the part of Seneca or Cook and does not nearly approach the specificity required by Rule 9(b).

26.   Further, Seneca and its employees, agents, representatives, and adjusters are entitled to value claims differently from their policyholders without facing bad faith or extra-contractual liability.[28]

27.   Consequently, Plaintiff's claims for common law fraud consist of nothing more than labels and conclusions, are void of the specific information required under Rule 9(b), and

---

[25]   *Id.* (citing *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

[26]   *See Harbert v. Farmers Texas Cty. Mut. Ins. Co.*, No. W-13-CV-143, 2013 WL 12130312, at *4 (W.D. Tex. Oct. 15, 2013), report and recommendation adopted sub nom. *Harbert v. Farmers Mut. Texas Cty. Ins. Co.*, No. W-13-CV-143, 2013 WL 12130313 (W.D. Tex. Nov. 7, 2013).

[27]   *See* Plaintiff's Original Petition at p. 18.

[28]   *Lyons v. Millers Casualty Ins. Co. of Tex.*, 866 S.W.2d 597, 600 (Tex. 1993).

again, the Petition fails to delineate which of the "Defendants" purportedly committed the alleged wrongdoing. Therefore, Plaintiff's claim against Cook fails as a matter of law.

**B.     Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

28.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Seneca's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[29]

29.     Here, Plaintiff's Petition states that Plaintiff seeks to recover monetary relief over $1,000,000.[30] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

## III.
## CONCLUSION

30.     Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Cook. Accordingly, Cook's citizenship should be disregarded for purposes of determining diversity. Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

31.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Bexar County, Texas promptly after the filing of this Notice.

32.     As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice:

    a.     a copy of the docket sheet in the state court action; and

    b.     each document filed in the state court action (as separate attachments

---

[29]  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[30]  Plaintiff's Original Petition at p. 16.

arranged in chronological order according to state court filing date).

33. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be promptly given to all adverse parties.

WHEREFORE, Defendant Seneca Insurance Company, Inc. requests that this action be removed from the 225th District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Jennifer L. Gibbs*
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Walter W. Cardwell IV
    Texas Bar No. 24094419
    wcardwell@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing has been served this 18th day of October 2017, in accordance with the Federal Rules of Civil Procedure:

W. Lee Calhoun
Texas Bar No. 24078300
lee@calhounattorney.com
Michelle "Shelly" Calhoun
Texas Bar No. 24068246
shelly@calhounattorney.com

CALHOUN LAW FIRM
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
Telephone:    210-827-9779
Facsimile:     210-495-9790

**ATTORNEY FOR PLAINTIFF**

                                                        */s/ Jennifer L. Gibbs*
                                                        Jennifer L. Gibbs

**DEFENDANT SENECA INSURANCE COMPANY, INC.'S NOTICE OF REMOVAL**          **Page 13**

4833-3276-4753v1