# EXHIBIT A

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARSHA B. HAAG, TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. _____ |
| SENECA INSURANCE COMPANY, INC. | § | |
| AND JAMES COOK | § | |
| | § | |
| Defendants. | § | |
| | § | |

## EXHIBIT A – INDEX OF DOCUMENTS FILED IN REMOVAL ACTION

A. Index of Exhibits Filed in Removal Action

B. Docket Sheet in the State Court Action

C. Plaintiff's Original Petition
      Filed:                  August 31, 2017

D. Return of Citation served on Defendant Seneca Insurance Company, Inc. by Certified Mail No. 7016 2070 0000 7520 8038
      Filed:                  September 13, 2017
      Served:                 September 18, 2017

E. Return of Citation unserved on Defendant James Cook by Certified Mail by Certified Mail No. 7016 2070 0000 7520 8045
      Filed:                  September 13, 2017
      Served:                 Unserved

F. Defendants' Original Answer and Affirmative Defense to Plaintiff's Original Petition
      Filed:                  October 6, 2017

# EXHIBIT A-2

# Case History

*Currently viewing 1 through 5 of 5 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00003 | 10/6/2017 | ORIGINAL ANSWER OF SENECA INSURANCE COMPANY INC AND JAMES C OOK AND AFFIRMATIVE DEFENSES |
| S00002 | 9/13/2017 | CITATION CERTIFIED MAIL JAMES COOK ISSUED: 9/13/2017 |
| S00001 | 9/13/2017 | CITATION CERTIFIED MAIL SENECA INSURANCE COMPANY INC ISSUED: 9/13/2017 RECEIVED: 9/13/2017 EXECUTED: 9/18/2017 RETURNED: 9/20/2017 |
| P00002 | 8/31/2017 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 8/31/2017 | PET FOR HAIL DAMAGE COMMERCIAL |



GERARD C. RICKHOFF                    DONNA KAY McKINNEY

COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2017CI16694

**Name**: MARSHA B HAGG

**Date Filed** : 08/31/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 225

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : MARSHA B HAAG

**Style (2)** : vs SENECA INSURANCE COMPANY INC ET AL

# EXHIBIT A-3

# EXHIBIT A-3-a

FILED
8/31/2017 2:38 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

2 cit cml sac1

CAUSE NO. **2017CI16694**

| | | |
|---|---|---|
| ˙ MARSHA B. HAAG, TRUST | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 225 |
| | § | _____ JUDICIAL COURT |
| SENECA INSURANCE COMPANY, INC. | § | |
| AND JAMES COOK | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Marsha B. Haag, Trust, hereinafter referred to as "Plaintiff," complaining of Defendants, Seneca Insurance Company, Inc. and James Cook (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II. PARTIES

Plaintiff, Marsha B. Haag, Trust, is an entity authorized to do business in Texas.

Defendant, Seneca Insurance Company, Inc. ("Seneca"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas. It can be served with process by serving its attorney for service, James Isbell, by certified mail, return receipt requested, at 1 Riverway, Suite 1400, Houston, Texas 77056-1988.

Defendant, James Cook ("Cook"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 1007 Granview Dr, Lewisville, Texas 75067-7413 or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Bexar County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Bexar County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.   Plaintiff is the owner of insurance Policy Number CMP4800604 issued by Defendant Seneca (hereinafter referred to as the "Policy").

B.   Plaintiff owned the insured properties, which are specifically located at 2118 and 2118B S. Zarzamora Street, San Antonio, Texas 78207 on April 25, 2016 (hereinafter referred to as the "Property").

C.   Defendant Seneca or its agent sold the Policy, insuring the Property, to Plaintiff.

D.     On or about April 25, 2016, a wind and hailstorm struck the San Antonio, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.     Plaintiff submitted a claim to Seneca against the Policy for damage the Property sustained as a result of the wind and hailstorm.  Plaintiff asked that Seneca cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.     Defendants have assigned claim number 16GGN050 to Plaintiff's claim.

G.     Defendant Cook was the agent for Seneca and represented Seneca in regard to Plaintiff's claim.  Cook also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.  As such, Cook acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim.  Therefore, Cook is a  "person" who is individually liable for their unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.  Furthermore, Cook acted as the agent and representative for Seneca in this claim.

H.     Defendant Cook improperly adjusted the Plaintiff's claim.  Defendant Cook conducted a substandard inspection, which is evidenced in his estimate, which failed to include many of Plaintiff's damages.[1]  His estimate did not allow adequate funds to cover the repairs to restore Plaintiff's Property.  Without limitation, Cook misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2]  Cook made these and other misrepresentations to Plaintiff as well as to Seneca.  Plaintiff and Seneca both relied on

---

[1] *See* Plaintiff's Exhibits A: Denial Letter with estimate.
[2] *Id.*

Cook's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Cook's misrepresentations caused Seneca to underpay Plaintiff on the insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Cook also advised Plaintiff as to how it could repair the storm damage on the Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair the Property and prevent future damage by following Cook's advice. Plaintiff's Property has sustained further damages as a result.

I.      Specifically, and without limitation, the insured timely reported damage to the Property from the April 25, 2016 hail and windstorm. Seneca acknowledged the claim and sent out an independent adjuster, James Cook of VeriClaim, to assess the damages and provide an estimate for repair. VeriClaim is an adjusting firm that is consistently utilized by insurance carrier's to perform outcome-oriented investigations based on their pro-insurance findings. Seneca regularly utilizes their services in order to obtain outcome-oriented investigations.

J.      On or about September 21, 2016, the Defendants completed their investigation and issued a claim determination alleging the damages were below the deductible. According to the correspondence and estimate, Mr. Cook only identified three places on the roof that sustained "minor hail" damage and suggested a spot repair. However, Mr. Cook's assessment of the damages and suggested scope of repairs was completely inadequate and unreasonable based on the facts and circumstances of the claim. For instance, the three

---
[3] *Id.*

areas identified by Mr. Cook had "punctures and spidering" which is more then "minor hail damage." Further, his suggested repairs are improper and unreasonable based on the type and severity of damage. Additionally, Mr. Cook missed various areas of damage altogether and failed to provide the complete scope and cost of repairs for the storm related damage. Seneca also misrepresented the policy deductibles in this correspondence.

K.   The insured disagreed with the Defendants' findings and requested the Property be re-evaluated for covered damage. Seneca then retained Donan Engineering to assist with the investigation. Donan is also well known to be pro-insurer and provides favorable insurance reports. According to Donan, the purpose of their investigation was to "determine whether roof coverings and the heating, ventilating, and air conditioning (HVAC) unit have hail damage from the 2016 hailstorm." Mr. Cook was present during the inspection to point out areas of concern, for instance, the hail damage he identified. However, despite Mr. Cook acknowledging areas of "fracturing and spidering" the Donan report asserted "no hail damage was found to the roof coverings." In fact, the area where Mr. Cook found damage, Donan asserts "the membrane show no evidence of cracking or fractures from hail impacts." Further, Donan claims to have performed a test square to study for hail damage on the roof and found "no bruises or fractures" but does not address what caused the fracturing and spidering originally found. This establishes that Donan and Mr. Cook purposely performed the test square in an area where they could find no damage. Hence, an outcome-oriented unreasonable investigation.

L.   Seneca purposely retained James Cook of VeriClaim as they knew they would receive a favorable report and minimize payment. Mr. Cook inspected the property for storm

damage and provided an inadequate outcome-oriented report that missed various damages and suggested improper repairs for the damages identified. When the insured disagreed with the findings the Seneca Parties purposely retained Donan to provide support for their outcome-oriented claim determination. However, based on the facts and circumstances above, it is clear that Seneca and Mr. Cook knowingly and intentionally misrepresented the covered damages under the policy.

M.  Defendants' representations that the covered damage and cost to repair it was $759.92 was false because Plaintiff's wind and hailstorm damages well exceed this amount and were covered under the Policy.

N.  Defendants Seneca and Cook failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

O.  These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

P.  Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

Q.  Defendant Seneca failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

R.   Defendant Cook failed to perform a reasonable investigation of the damages and as such missed many covered damages resulting in Seneca underpaying Plaintiff's claim. Further, due to Cook's outcome-oriented investigation, his suggested repairs for the damage were unreasonable and inadequate. As such, Cook's conduct violates various provisions of the Texas Insurance Code and Deceptive Trade Act.

S.   Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

T.   Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

U.   Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

V.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

W.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

X.    Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

Y.    Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

Z.    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

AA.   From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

BB.   As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

CC.   Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against Seneca

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Seneca has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm.  As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against Seneca and Cook**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against Seneca and Cook**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to

bringing this cause of action against Defendants.  Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against Seneca and Cook**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to

bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's property on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

      A.     Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

      B.     Engaging in unfair claims settlement practices;

      C.     Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

      D.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

      E.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

      F.     Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

      G.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Seneca and Cook**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  By their acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F.  Cause of Action for Fraud Against Seneca and Cook**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff.  These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to its detriment.  The

representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim.  As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus

prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38

of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiffs asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## XIII. STANDING PRETRIAL ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims issued by the Bexar County Judges on November 30, 2016, Plaintiff is hereby attaching the Order to Plaintiff's Original Petition as Exhibit B. This Exhibit will provide Defendants notice of the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims.

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**CALHOUN LAW FIRM**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 827-9779 (Telephone)
(210) 495-6790 (Facsimile)

By:   /s/ W. Lee Calhoun
W. LEE CALHOUN
Texas State Bar No. 24078300
lee@calhounattorney.com

MICHELLE "SHELLY" CALHOUN
Texas State Bar No. 24068246
shelly@calhounattorney.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A



Seneca Insurance Company
160 Water Street, New York, NY 10038
T + 1.212.344.3000
www.senecainsurance.com

**CERTIFIED MAIL/RRR**
Copy by US Mail
7016 0910 0000 4772 7371

September 21, 2016

Marsha B. Hagg, Trust
16418 Hidden View Street
San Antonio, TX 78232

Re:      INSURED:       Marsha B. Hagg, Trust
         POLICY #:      CMP4800604
         CLAIM #:       16GGN050
         LOSS DATE:     April 25, 2016
         LOCATION:      2118 S. Zarzamora Street and 2118B S. Zarzamora
                        Street San Antonio, TX 78207

Dear Insured:

Seneca Insurance Company, Inc. ("Seneca") has conducted an investigation into the insured's claim for hail damage located at 2118 S. and 2118 S. Zarzamora Street San Antonio, TX 78207. Seneca's investigation of 2118 S. Zarzamora Street has revealed minor hail damage to the membrane (pvc) roofing sustained 3 places on the roof with punctures and spidering. The roofing has had previous repairs as noted during the inspection. The HVAC condenser unit fins, which are roof mounted, were damaged; however the insured stated that the HVAC condenser units were not repaired for the 2014 damage sustained. The roofing panels visible from the interior storage areas of Arlan's Market were damaged appeared as long term damage and were not the result of the hail storm.

Seneca's investigation of 2118B S. Zarzamora Street revealed the built up roofing with gravel ballast and metal awnings did not sustain hail damage. The contractor, Brandon Talley was present during the inspection and is in agreement. The HVAC condenser units did not show any signs of hail markings on the metal panels. The membrane (pvc) roofing did not sustain damage, which Mr. Talley is in agreement with. Seneca's investigation has further revealed the insured's loss does not exceed the policy deductible and must unfortunately advise the insured no payment can be made to the insured or anyone on behalf of the insured for damages incurred as a result of this occurrence.

Enclosed you will find an estimate of repair prepared by Seneca's independent adjuster, James Cook of Vericlaim, Inc. in the replacement cost amount of $759.92 for hail

**CRUM & FORSTER**     SENECA     Crum & Forster is part of Fairfax Financial Holdings Limited.
                                  C&F and Crum & Forster are registered trademarks of United States
                                  Fire Insurance Company.

Page 2 of 3
CLAIM No.: 16GGN050

damage. Seneca has reviewed policy form entitled **WINDSTORM OR HAIL PERCENTAGE DEDUCTIBLE** number **CP 03 21 10 12,** which indicates the deductible is calculated separately for, and applies separately to each building that sustains loss or damage. The deductible to be applied to all wind and hail losses is **1%** of the sum of the values of the locations affected by the covered cause of loss. The insured's limit of insurance for **premises 003 -001** is **$4,107,889** & **premises 004-001** is **$1,204,316,** the **1% wind or hail deductible** to be applied to **premises 003** is **$41,079.00** and the **1% wind or hail deductible** to be applied to **premises 004** is **$12,043.16.** The total wind or hail deductible for both buildings is **$53,122.16.** The insured's claim does not exceed the **$53,122.16** windstorm or hail deductible, therefore Seneca must advise the insured that their claim is denied based on the terms and conditions of the insured's policy.

We refer you to form entitled **BUILDING AND PERSONAL PROPERTY COVERAGE FORM,** number **CP 00 10 10 12,** which reads in part as follows:

### D. Deductible

> In any one occurrence of loss or damage (herein after referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss, and will pay the resulting amount or the Limit of insurance, whichever is less.

In accordance with this letter, Seneca does not waive, but rather, expressly reserves all of the rights and defenses to which it is entitled to under the terms and conditions of the policy, whether mentioned herein or not.

Should the insured have any additional evidence, information and or documentation which was not previously supplied to Seneca which would cause us to reconsider the origin and cause of loss as well as the fair amount of loss and damage, we respectfully request that the insured submit evidence, information and/or documentation for our consideration within the next thirty (30) days.

If you have any questions regarding the content of this letter, or the claim, please feel free to call me at 212-277- 3508.

Very Truly Yours,

*Lakeisha Haskins*
Lakeisha Haskins
Property Claim Examiner

Encl:

Page 3 of 3
CLAIM No.: 16GGN050

Cc:     IIAT Services
        5501 LBJ Freeway Suite 740
        Dallas, TX 75240

Cc:     Farmers Insurance
        Manuel Baniago
        11230 West Ave. Ste. 2106
        San Antonio, TX 78213

# Statement of Loss                          Claim #  16GGN050

## VRS VeriClaim

|  |  |  |  | 8/29/2016 |
| --- | --- | --- | --- | --- |

| Adjuster | Lakeisha Haskins |
| --- | --- |
| Phone | |

| Insured Name | Marsha B. Haag Trust |
| --- | --- |
| Loss Address | 2118 S. Zarzamora St., San Antonio, TX 78228 |
| Phone Number | |
| Other Phone | Ins Claim #  16GGN050 |
| Ins Company | Seneca Insurance Company, Inc. |

Date of Loss  4/24/2016

## Abstract of Coverage

| Policy # | CMP4800604 | | Effective | 7/31/2015 - 7/31/2016 | | |
| --- | --- | --- | --- | --- | --- | --- |
| Forms | | | | | | |
| Coverage | | Limit | | Co-Insurance | | Deductible |
| Premise 3, Building 1 | | $4,107,889.00 | | 80% Coinsurance/RCV/ACV | | $41,079.00 |
| Premise 4, Building 1 | | $1,204,316.00 | | | | $10,000.00 |

### Coverage - Premise 3, Building 1

| Coverage   $4,107,889.00 | 80% Coinsurance/RCV/ACV | | | | |
| --- | --- | --- | --- | --- | --- |
| | | RC Detail | ACV Detail | Value | Loss | Claim |
| Replacement Cost Value | | $4,784,475.38 | | $4,784,475.38 | | |
| Required: 60% of $4,784,475.38=$3,827,580.30 | | Complies | | | | |
| Actual Cash Value | | | $1,573,461.93 | $1,573,461.93 | | |
| Required: 80% of $1,573,461.93=$1,258,769.54 | | | Complies | | | |
| Total Estimated Loss | | $764.79 | $764.79 | | $764.79 | |
| Less Depreciation | | | ($0.00) | | | |
| ACV Loss | | | $764.79 | | | |
| Less Non-Recoverable Depreciation | | ($0.00) | | | | |
| Sub-Total | | $764.79 | $764.79 | | | |
| Less Deductible Applied | | ($764.79) | ($764.79) | | | |
| Adjusted Loss Amount | | $0.00 | $0.00 | | | $0.00 |
| Recoverable Depreciation | | $0.00 | | | | |

| Total Loss & Claim | | | | | $764.79 | $0.00 |
| --- | --- | --- | --- | --- | --- | --- |
| Total Recoverable Depreciation | | $0.00 | | | | |

A copy of this document does not constitute a settlement of this claim. The above figures are subject to insurance company approval.

Accepted by _____

# LOSS RECAP

| | | | | |
|---|---|---|---|---|
| Insured: | Marsha B. Haag Trust | | Policy No. : | CMP4800604 |
| Property Address : | 2118 S. Zarzamora St., San Antonio, TX 78228 | | Date of Loss : | 4/24/2016 |
| Mailing Address : | | | Catastrophe No. : | CAT1627 |
| Insured Tel. No. : | | | Adj. File No. : | QCC16553300 |
| Adjusting Company : | | | Adj. No. : | |
| Adj. Address : | | | Adj. Phone No. : | |

Date Loss Assigned: 7/12/2016     Date Insured Contacted: 7/13/2016     Date Loss Inspected:  7/21/2016

| | Replacement Cost Loss | Recov. Depr. | Non-recov. Depreo. | ACV Loss | Deductible Applied | Insur. Carried Req. % | ACV Claim | Potential Suppl. Claim | RC Claim | RCV | Valuation ACV |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Premise 3, Building 1 | 764.79 | 0.00 | 0.00 | 764.79 | 764.79 | 100 \| 100 | 0.00 | 0.00 | 0.00 | 4,784,475.38 | 1,573,461.93 |
| Premise 4, Building 1 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 100 \| 100 | 0.00 | 0.00 | 0.00 | 1,371,541.86 | 470,709.66 |
| TOTALS | $764.79 | $0.00 | $0.00 | $764.79 | $764.79 | | $0.00 | $0.00 | $0.00 | | |

**vrs»vericlaim**   **VRS VeriClaim**
a Nasdaq Company

| | | | |
|---|---|---|---|
| Insured: | Marsha B. Haag Trust | | |
| Property: | 2118 S. Zarzamora St. | | |
| | San Antonio, TX 78228 | | |
| | | | |
| Claim Rep.: | Lakeisha Haskins | | |
| | | | |
| Estimator: | James H. Cook | Cellular: | (214) 493-3064 |
| | | E-mail: | JCook@VeriClaimInc.com |
| | | | |
| Reference: | | | |
| Company: | Seneca Insurance Company, Inc. | | |
| Business: | 160 Water Street | | |
| | New York, NY 10038 | | |

Claim Number: 16GGN050        Policy Number: CMP4800604        Type of Loss: Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 7/13/2016 | | |
| Date of Loss: | 4/24/2016 | Date Received: | 7/12/2016 |
| Date Inspected: | 7/21/2016 | Date Entered: | 7/12/2016 |
| | | | |
| Price List: | TXSA8X_JUL16 | | |
| | Restoration/Service/Remodel | | |
| Estimate: | QCC16553300 | | |

This is a repair estimate only and not an authorization to repair. Determination of coverage and issuance of payment, if any, is at the sole discretion of the insurance company. We are an independent adjusting firm and have no authority to authorize repairs or payment. Any and all authorization must come from your insurance carrier.

**VRS VeriClaim**

QCC16553300

Premise 3, Bldg. 1

Roof



Section 4                                                                                      Height: 8'

394.67 SF Walls                                          152.11 SF Ceiling
546.78 SF Walls & Ceiling                                152.11 SF Floor
16.90 SY Flooring                                        49.33 LF Floor Perimeter
49.33 LF Ceil. Perimeter

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 1. R&R Single ply membrane - Fully adhered system - 45 mil | | | | | | | | | |
| | 0.10 SQ | 482.40 | 1.40 | 49.64 | 0/21 yrs | Avg. | 0% | (0.00) | 49.64 |
| 3. Replace Roofer - per hour | | | | | | | | | |
| | 3.00 HR | 87.01 | 0.00 | 261.03 | 0/NA | Avg. | 0% | (0.00) | 261.03 |
| *Allowance to repair 3 damaged spots on roof, additional labor allowed due to small quantity of repair* | | | | | | | | | |

| Totals: Section 4 | | | 1.40 | 310.67 | | | | 0.00 | 310.67 |
|---|---|---|---|---|---|---|---|---|---|

| Total: Roof | | | 1.40 | 310.67 | | | | 0.00 | 310.67 |
|---|---|---|---|---|---|---|---|---|---|

| Total: Premise 3, Bldg. 1 | | | 1.40 | 310.67 | | | | 0.00 | 310.67 |
|---|---|---|---|---|---|---|---|---|---|

Labor Minimums Applied

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 6. Roofing labor minimum | | | | | | | | | |
| | 1.00 EA | 87.01 | 0.00 | 87.01 | 0/NA | Avg. | 0% | (0.00) | 87.01 |
| 7. Flat roof/membrane roofing labor minimum | | | | | | | | | |
| | 1.00 EA | 367.11 | 0.00 | 367.11 | 0/NA | Avg. | 0% | (0.00) | 367.11 |

| Totals: Labor Minimums Applied | | | 0.00 | 454.12 | | | | 0.00 | 454.12 |
|---|---|---|---|---|---|---|---|---|---|

| Line Item Totals: QCC16553300 | | | 1.40 | 764.79 | | | | 0.00 | 764.79 |
|---|---|---|---|---|---|---|---|---|---|

[%] - Indicates that depreciate by percent was used for this item

[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

vrs**vericlaim**  **VRS VeriClaim**
*a sedgwick company*

## Grand Total Areas:

| | | |
|---|---|---|
| 3,620.00 SF Walls | 2,016.65 SF Ceiling | 5,636.65 SF Walls and Ceiling |
| 2,016.65 SF Floor | 224.07 SY Flooring | 452.50 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 452.50 LF Ceil. Perimeter |
| 2,016.65 Floor Area | 2,016.65 Total Area | 3,620.00 Interior Wall Area |
| 3,406.50 Exterior Wall Area | 378.50 Exterior Perimeter of Walls | |
| 0.00 Surface Area | 0.00 Number of Squares | 0.00 Total Perimeter Length |
| 0.00 Total Ridge Length | 0.00 Total Hip Length | |

vrsa**vericlaim**   **VRS VeriClaim**
a vericlaim company

### Summary for Premise 3, Building 1

| | | |
|---|---|---:|
| Line Item Total | | 763.39 |
| Material Sales Tax | | 1.40 |
| **Replacement Cost Value** | | **$764.79** |
| Less Deductible | [Full Deductible = 41,079.00] | (764.79) |
| Net Claim | | **$0.00** |

James H. Cook

VRS»vericlaim   **VRS VeriClaim**
a sedgwick company

## Recap of Taxes

| | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|
| Line Items | 1.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total | 1.40 | 0.00 | 0.00 | 0.00 | 0.00 |

vrs⊛vericlaim  VRS VeriClaim
*a sedgwick company*

## Recap by Room

Estimate: QCC16553300

Area: Premise 3, Bldg. 1

| Area: Roof | | |
|---|---|---|
| Section 4 | 309.27 | 40.51% |
| Area Subtotal: Roof | 309.27 | 40.51% |
| Area Subtotal: Premise 3, Bldg. 1 | 309.27 | 40.51% |
| Labor Minimums Applied | 454.12 | 59.49% |
| Subtotal of Areas | 763.39 | 100.00% |
| Total | 763.39 | 100.00% |

vrs≫vericlaim   VRS VeriClaim
a crawford company

## Recap by Category

| Items | Total | % |
|---|---:|---:|
| GENERAL DEMOLITION | 5.49 | 0.72% |
| ROOFING | 757.90 | 99.10% |
| Subtotal | 763.39 | 99.82% |
| Material Sales Tax | 1.40 | 0.18% |
| Total | 764.79 | 100.00% |

SKETCH1 - Main Level

Not to scale



Premise 3, Bldg. 1
Front / North



N
⇧

Main Level

QCC16553300

8/29/2016          Page: 8

Premise 3, Bldg. 1 - Roof



Built Up Roofing w/ Gravel Ballast          Built Up Roofing w/ Gravel Ballast     PVO Roofing

Built Up Roofing w/ Gravel Ballast

N
⇑
Roof

QCC16553300                                                              8/29/2016      Page: 9

# EXHIBIT B

# 68881

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| COMMERCIAL | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY COMMERCIAL HAIL CLAIMS

This order applies to pretrial matters in commercial property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the commercial insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 120 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 120 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the commercial property, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the commercial insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 120 day time period. The insurance carrier is also ordered to notify

68881



EXHIBIT
B

68881

the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted. Within 180 days of the filing of an answer by the commercial insurance carrier, the parties will use their best efforts to exchange accounting and financial documentation and other information pertaining to any claims for business interruption, loss of business income, lost profits, inventory or food loss (provide list with values), lost business expense, accounts receivable and any other business loss claim.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same commercial insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the commercial insurance carrier shall be permitted to inspect the property involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the commercial insurance carrier and other defendants may re-inspect the property with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

Michael E. Mery
Michael Mery, Judge
37th District Court

Stephani A. Walsh
Stephani Walsh, Judge
45th District Court

Antonia Arteaga, Judge
57th District Court

David A. Canales, Judge
73rd District Court

2

68881

68881

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

3

68881

68881

**AGREED MEDIATION ORDER**

Pursuant to the Standing Pretrial Order Concerning Bexar County Commercial Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

1.   An attorney of record for each party, unless the party is self-represented.

2.   All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

3.   A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____
Judge Presiding

4

68881

# EXHIBIT A-3-b

CERTIFIED MAIL #70162070000075208038

2017CI16694 S00001

**Case Number: 2017-CI-16694**

**MARSHA B HAAG**

    **vs.**

**SENECA INSURANCE COMPANY INC ET AL**
(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**FILED**
1:47 O'CLOCK P M

SEP 2 0 2017
DONNA KAY McKINNEY
District Clerk, Bexar County, Tex.
By_____

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   SENECA INSURANCE COMPANY INC
BY SERVING ITS ATTORNEY JAMES ISBELL

1 RIVERWAY 1400
HOUSTON TX 77056

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF September A.D., 2017.

SHELLY L CALHOUN
ATTORNEY FOR PLAINTIFF
1350 N LOOP 1604 E 104
SAN ANTONIO, TX 78232-1368

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Edgar Garcia,* Deputy

MARSHA B HAAG
vs
SENECA INSURANCE COMPANY INC ET AL

**Officer's Return**

Case Number: 2017-CI-16694
Court:225th Judicial District Court

Came to hand on the 13th day of September 2017, A.D., at 10:34 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _14_ day of _September_ 20_17_, by delivering to: _Iberdhand_ at 1 RIVERWAY 1400 HOUSTON TX 77056 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By : *Edgar Garcia,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

SENECA INSURANCE COMPANY INC
  C/O JAMES ISBELL
1 RIVERWAY 1400
HOUSTON, TX  77056

2017CI16694  9/13/2017  CITCM  EDGAR GARCIA

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7016 2070 0000 7520 8038

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SENECA INSURANCE COMPANY INC
C/O JAMES ISBELL
1 RIVERWAY 1400
HOUSTON, TX 77056

2017C116694  3/13/2017  CITCH  EDGAR GARCIA

9590 9402 3026 7124 9800 79

2. Article Number (Transfer from service label)

7016 2070 0000 7520 8036

PS Form 3811, July 2015   DOCUMENT SCANNED AS FILED   Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
J BALDWIN   3-13-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2017 SEP 20 PM 1: 47

BY _____

USPS TRACKING #

9590 9402 3064 6124 9800 79

United States
Postal Service

• Sender: Please print your name, address and ZIP in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

5-341167

# EXHIBIT A-3-c

CERTIFIED MAIL #70162070000075208045

**Case Number: 2017-CI-16694**

2017CI16694   S00002

**MARSHA B HAAG**

   **vs.**

**SENECA INSURANCE COMPANY INC ET AL**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   JAMES COOK

          1007 GRANVIEW DR
          LEWISVILLE TX 75067-7413

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said  CITATION with ORIGINAL PETITION   was filed on the 31st day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH  DAY OF September A.D., 2017.

W LEE CALHOUN
ATTORNEY FOR PLAINTIFF
1350 N LOOP 1604 EAST 104
SAN ANTONIO, TX 78232



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Edgar Garcia,* Deputy

MARSHA B HAAG
vs
SENECA INSURANCE COMPANY INC ET AL

**Officer's Return**

Case Number: 2017-CI-16694
Court:225th Judicial District Court

Came to hand on the 13th day of September 2017, A.D., at 10:35 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____,  by deilvering to: _____ at 1007 GRANVIEW DR LEWISVILLE TX 75067-7413 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, TX
By : *Edgar Garcia,* Deputy

FILE COPY (DK003)

**DOCUMENT  SCANNED  AS  FILED**

# EXHIBIT A-3-d

FILED
10/6/2017 10:13 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017CI16694

| | | |
|---|---|---|
| MARSHA B. HAAG, TRUST, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| SENECA INSURANCE COMPANY, INC. | § | |
| AND JAMES COOK, | § | |
| | § | |
| *Defendants*. | § | 225TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendants Seneca Insurance Company, Inc. ("Seneca") and James Cook ("Cook") (collectively "Defendants") file their Original Answer and Affirmative Defenses to Plaintiff Marsha B. Haag, Trust's ("Plaintiff") Original Petition and would respectfully show the Court as follows:

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of the evidence.

### II.   AFFIRMATIVE DEFENSES

Defendants set forth the following additional defenses to the allegations set forth in Plaintiff's Original Petition:

1.      Plaintiff's claims are subject to all the terms, conditions, limitations and exclusions contained in Insurance Policy No. CMP4800604 issued by Seneca Insurance Company, Inc. to Marsha B. Haag, Trust and covering the period from July 31, 2015 to July 31, 2016 (the "Policy").

2.      The amount recoverable for Plaintiff's claims, if any, is limited by the applicable deductible, limits and any sub-limits contained in the Policy.

3.      Plaintiff's claims are barred, in whole or in part, to the extent any damage was not caused by or resulting from a covered cause of loss.

4.      Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss or damage caused directly or indirectly by water, including (1) flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge); (2) mudslide or mudflow; (3) water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment; (4) water under the ground surface pressing on, or flowing or seeping through foundations, walls, floors or paved surfaces, basements, whether paved or not, or doors, windows or other openings; or (5) waterborne material carried or otherwise moved by any of the water referred to in (1), (3), and (4), or material carried or otherwise moved by mudslide or mudflow.

5.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

6.      Plaintiff's claims are further barred by Plaintiff's failure to allocate its alleged damages between losses caused by a covered cause of loss and those caused by a non-covered cause of loss such as damages which occurred prior to the inception of the Policy and/or damages which were caused by excluded causes of loss under the Policy.

7.    Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by wear and tear, rust, corrosion, decay, deterioration, hidden or latent defect, or any quality in property that causes it to damage or destroy itself by settling, cracking, shrinking, or expansion.

8.    Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by or resulting from faulty, inadequate or defective: (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) materials used in repair, construction, renovation or remodeling; or (4) maintenance.

9.    Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by continuous or repeated seepage or leakage of water that occurs over a period of fourteen (14) days or more.

10.    Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss caused by neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

11.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or its agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

12.    Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion of loss to the interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not.

13.    Plaintiff's claims for alleged bad faith and violations of the Texas Insurance Code are barred to the extent Plaintiff did not sustain damages (if any) independent of the denial of benefits under the Policy.

14.   Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery it now seeks under the Policy, including, but not limited to, the Plaintiffs' duty to cooperate in the investigation and settlement of the claim under the Policy's Duties in the Event of Loss provision.

15.   Plaintiff's claims are barred, in whole or in part, under the Policy's Concealment, Misrepresentation or Fraud provision to the extent Plaintiff or its agents intentionally concealed or misrepresented material facts concerning the claim for coverage or the covered property.

16.   Plaintiff's claims are subject to the Appraisal provision in the Policy, which applies in the event of any disagreement as to the value of the property or the amount of loss. Seneca specifically reserves its rights to have any disputes as to the amount of loss to be resolved by the procedures set forth in the Appraisal provision of the Policy, which Seneca invoked on this matter on September 15, 2017.

17.   Plaintiff's claims are subject to the Limitations on Coverage for Roof Surfacing provision, limiting the cost of roof surfacing to actual cash value at the time of loss or damage, including damage caused by wind and/or hail.  Furthermore, pursuant to this same provision, the Policy does not provide coverage for cosmetic damage to roof surfacing caused by wind and/or hail. Cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to the elements to the same extent as it did before the cosmetic damage occurred.

18.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claims against Defendants fail to state a claim upon which relief can be granted.

19.     Plaintiff's claims against Defendant James Cook are barred as there is no reasonable possibility that Plaintiff might recover against Cook, and to the extent Cook was improperly named as a defendant solely to destroy diversity.

20.     A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Seneca and its employees, agents, representatives, and adjusters are entitled to value claims differently from Seneca's policyholders without facing bad faith or extra-contractual liability. Seneca would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether, and the extent to which, any asserted loss was the result of a covered occurrence to covered property.

21.     Defendants reserve the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

### III.     JURY DEMAND

Plaintiff has demanded a trial by jury and has paid the applicable fee.

### IV.     PRAYER

Defendants pray that (i) Plaintiff's claim for relief be denied in its entirety, (ii) Plaintiff take nothing by its claims, and (iii) Defendants be granted such other and further relief to which the Court may find they are justly entitled.

Respectfully submitted,

By: */s/ Jennifer L. Gibbs*
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Walter W. Cardwell
    Texas Bar No. 24094419
    wcardwell@zelle.com

    **ZELLE LLP**
    901 Main Street, Suite 4000
    Dallas, TX 75202-3975
    Telephone:(214) 742-3000
    Facsimile: (214) 760-8994

    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer and Defenses to Plaintiff's Original Petition has been served this 6th day of October 2017, as follows:

W. Lee Calhoun
Texas Bar No. 24078300
lee@calhounattorney.com
Michelle "Shelly" Calhoun
Texas Bar No. 24068246
shelly@calhounattorney.com

CALHOUN LAW FIRM
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
Telephone:    210-827-9779
Facsimile:    210-495-9790

**ATTORNEY FOR PLAINTIFF**

/s/ Jennifer L. Gibbs
Jennifer L. Gibbs